IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS BRACERO, REINIER ACOSTA, MARIO ALICEA, JONATHAN CAMACHO, SANTOS CANCEL, JOSE CANCHANY, HECTOR CANCEL, JUAN ANGEL CUSTODIO, ALFREDO DE LEON, NEFTALI FUENTES, ANTONIO GARCIA, WILFREDO GARCIA, ANDY GHIGLIOTY, ALFREDO GONZALEZ, RAUL GONZALEZ, ROLANDO HERNANDEZ, ELPIDIO JAVIER, JORGE JIMENEZ, ENRIQUE LEON, JULIO MATOS, AMADOR MEDINA, REYNALDO MEDINA, MARCIAL MERCEDES, RAFAEL MIRO, JOSE MORENO, JULIO MORENO, RAMÓN MUÑOZ, EMERITA NEGRON, OMAR REMIGIO, LUIS REYES, ISRAEL REYES, ELVIN REYES, CARLOS RODRIGUEZ-COLON, JOSE RODRIGUEZ, ALEX ROMIN-RUIZ, MANUEL ROSADO, LUIS SANTIAGO, ORLANDO SIERRA, LUIS TALAVERA, ORLANDO TIRADO, GILBERTO TORRES | |
| Plaintiffs | |
| vs | CIVIL 05-2074CCC |
| NEW TREE PERSONNEL SERVICES, INC. SOUTHONE LOUANGXONIKONE a/k/a AARON LOUANGXONIKONE, DAVID E. TURNER d/b/a TURNER FARMS, MATHEW JONES and WILLIAM WEEKS d/b/a THUNDER SWAMP FARMS | |
| Defendants | |

# O R D E R

Plaintiffs, forty-one (41) Puerto Rican migrant agricultural workers, have brought this action against defendants, New Tree Personnel Services, Inc. (New Tree), Southone Louangxonikone a/k/a Aaron Louangxonikone (Louangxonikone), David E. Turner d/b/a Turnert Farms, Matthew Jones and William Weeks d/b/a Thunder Swamp Farms, claiming that the latter violated their rights under the Agricultural Worker Protection Act (AWPA), 29 U.S.C. §1801 et. seq. and the Fair Labor Standards Act (FLSA), 29 U.S.C. §216 et. seq.

CIVIL 05-2074CCC                              2

Plaintiffs allege that the defendants were their agricultural employers in North Carolina, and that they failed to honor the terms and conditions of the employments offered to them.  Before the Court now is a Motion to Dismiss and/or Transfer of Venue Under F.R.P.C. 12(b)(3) and for Lack of Personal Jurisdiction Pursuant to F.R.C.P. 12(b)(2) filed by defendants New Tree and Louangxonikone pro se on January 10, 2006 (**docket entry 11**), which plaintiffs opposed on January 25, 2006 (**docket entry 15**).

Movants' dismissal motion states its bases in a conclusory manner.  As to the dismissal on jurisdictional grounds, it merely says that they are not currently conducting business in Puerto Rico, nor have they ever done so, and that they do not have sufficient contacts with Puerto Rico to have availed themselves of the Court's jurisdiction.  Their request for transfer of venue is supported with the claim that "all of the events giving rise to the allegations . . . are alleged to have occurred in the State of North Carolina" and that "[w]ith the exception of the Plaintiffs, every witness to the events giving rise to the Plaintiffs' claims resides in the State of North Carolina."  Motion (docket entry 11), at p. 2.  Plaintiffs, in their opposition, maintain that the Court has both jurisdiction and venue over the defendants.

We first address movants' jurisdictional challenge.  Personal jurisdiction over out-of-state defendants must be authorized by state statute and must comply with the Constitution.  Since Puerto Rico's long-arm statute, Rule 4.7 of the Puerto Rico Rules of Civil Procedure, has been interpreted to extend "up to the point allowed by the Constitution," Benítez-Allende v. Alcan Aluminio Do Brasil, S.A., 857 F.2d 26, 29 (1st Cir. 1988) (quoting Industrial Siderúrgica v. Thyssen Steel Caribbean, Inc., 114 D.P.R. 548, 558 (1983)), we turn to the constitutional issue.  There are two types of personal jurisdiction, general and specific.  Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir.1998). "[A] defendant who has maintained a continuous and systematic linkage with the forum state brings himself within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." Phillips Exeter Acad. v. Howard Phillips Fund,

CIVIL 05-2074CCC                              3

Inc., 196 F.3d 284, 288 (1st Cir.1999).  Here, however, there is no claim that movants engaged in "continuous and systematic" conduct with Puerto Rico.  In the absence of general jurisdiction, "a court still may hear a particular case if that case relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum."  Id.  To establish specific jurisdiction, the Constitution's Due Process Clause requires that (1) plaintiffs' claims be related to the defendants' contacts, (2) defendants' contacts with the state must be purposeful, and (3) the exercise of jurisdiction must be reasonable under the circumstances.  Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H & Co. Kg., 295 F.3d 59, 63 (1st Cir.2002).

To satisfy the relatedness requirement, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities."  United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir.1992).  But a defendant need not be physically present in the forum state to have "activity" for jurisdictional purposes in the forum state.  See, e.g., Calder v. Jones, 465 U.S. 783, 789, 104 S.Ct. 1482 (1984) (finding jurisdiction over petitioners proper in California based on the "effects" of their Florida conduct in California).  In this action, it is evident that plaintiffs' claims are related to movants' activities in Puerto Rico, since according to the complaint's allegations they were recruited as migrant workers by movants in Puerto Rico after the latter submitted agricultural clearance orders to the U.S. Department of Labor and these orders were transmitted to the Puerto Rico Department of Labor, and plaintiffs' claims are precisely that movants failed to comply with said clearance orders.  Thus, the first requirement for the exercise of jurisdiction over movants is met.

To satisfy the second requirement, "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable."  United Elec. Workers, 960 F.2d at 1089.  The focus in this second requirement is on "voluntariness and foreseeability."  Sawtelle v. Farrell, 70 F.3d

CIVIL 05-2074CCC                                    4

1381, 1391 (1st Cir.1995).   Once again, by their submission of clearance orders for

recruitment of agricultural workers outside of North Carolina, movants must have foreseen that

this could result in the recruitment of workers in Puerto Rico, a traditional source of migrant

agricultural labor.   Villalobos v. N. Car. Growers Ass'n, 42 F.Supp.2d 131, 140

(D.P.R.1999).   Thus, they purposefully availed of the privilege of conducting activities in

Puerto Rico.

Finally, the third requirement is that the exercise of jurisdiction must be reasonable,

United Elec. Workers, 960 F.2d at 1089, and for this evaluation of reasonableness the

Supreme Court has provided a set of "gestalt factors" to consider, see World-Wide Volkswagen

Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559 (1980).   These gestalt factors

include:  the defendant's burden of appearing; the forum State's interest in adjudicating the

dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial

system's interest in obtaining the most efficient resolution of the controversy; and the shared

interest of the several States in furthering fundamental substantive social policies.   Burger King

Corp v. Rudzewicz, 471 U.S. 462, 477, 105 S.Ct. 2174 (1985).   The factors favoring

litigating this dispute in Puerto Rico include the Commonwealth's interest in redressing harms

against its citizens, plaintiffs' interest in obtaining convenient and effective relief from a court

in its own state, and that the efficient administration of justice would be served given that this

case involves Puerto Rico residents of limited economic means who would be hard-pressed to

litigate this case outside this jurisdiction.   The only possible gestalt factor that could turn in

movants' favor is their ordinary burden of appearing in Puerto Rico, but this is not enough to

outweigh the factors favoring Puerto Rico. See Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir.1994)

("[I]nsofar as staging a defense in a foreign jurisdiction is almost always inconvenient and/or

costly, we think this factor is only meaningful where a party can demonstrate some kind of

special or unusual burden.")  Therefore, as all factors establishing specific jurisdiction are present

CIVIL 05-2074CCC                              5

here, see e.g. Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182 (9th Cir. 2001), we conclude that subjecting movants to our jurisdiction does not offend the Constitution and DENY their motion to dismiss.

As to the request for change of venue, we again note that it is only based on the alleged facts that all acts took place in North Carolina and most witnesses are located there.   However, some acts, like plaintiffs' recruitment, took place in Puerto Rico, and all plaintiffs, who most certainly will be witnesses to their causes of action, appear to reside here too.  Under 28 U.S.C. §1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction.  See Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987).  The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839 (1947).

We do not think that movants have met their burden here, as they have simply failed to submit information on all the relevant factors in order for us to consider a change of venue.  As things stand now, it would be equally inconvenient for them to litigate here as it would be for plaintiffs to litigate in North Carolina.  Thus, we will not disturb the plaintiffs' choice of venue. Accordingly, movants' request for transfer of venue is also DENIED.

CIVIL 05-2074CCC                              6


      For the reasons stated, the Motion to Dismiss and/or Transfer of Venue Under F.R.P.C. 12(b)(3) and for Lack of Personal Jurisdiction Pursuant to F.R.C.P. 12(b)(2) filed by defendants New Tree and Louangxonikone (**docket entry 11**) is DENIED.

      SO ORDERED.

      At San Juan, Puerto Rico, on July 19, 2006.


                      S/CARMEN CONSUELO CEREZO
                      United States District Judge